UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:22-cr-00082-TWP-MJD-5 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| TAMEKA WASHINGTON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cr-00082-TWP-MJD |
| | ) | |
| TAMEKA WASHINGTON, | ) -5 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Tameka Washington has filed a motion seeking compassionate release under

§ 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 1305. For

the reasons explained below, her motion is **DENIED**.

**I.      Background**

In January 2024, Ms. Washington pled guilty to one count of conspiracy to distribute 500

grams or more of a mixture of substance containing a detectable amount of methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkt. 1077. Between June 2021 and July 2022, Ms.

Washington was a member of a drug trafficking organization that distributed methamphetamine,

fentanyl, and cocaine. Dkt. 414 at 7. Ms. Washington received packages containing

methamphetamine from a California-based source and transported the packages to the

organization's leader. *Id.* at 7–8.

Ms. Washington faced a guidelines range of 57 to 71 months of imprisonment. Dkt. 960 at

12. The Court sentenced her to 40 months of imprisonment. Dkt. 1077. The Bureau of Prisons

("BOP") currently reports Ms. Washington's anticipated release date (with good-conduct time

included) as October 8, 2026. https://www.bop.gov/inmateloc/ (last visited August 30, 2024).

2

Ms. Washington has filed a letter to the court which the Court construes as a motion for compassionate release. Dkt. 1305.[1] Ms. Washington argues that she establishes extraordinary and compelling reasons for compassionate release because she is needed at home to provide care for her mother. Dkt. 1305. The Court has concluded that it can resolve the motions without a response from the United States.

## II.    Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

---

[1] Ms. Washington asks to be released to home confinement. However, the Court does not have authority to alter Ms. Washington's placement in the BOP. The BOP has plenary authority to determine the placement of inmates. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Compassionate release therefore cannot provide relief in this manner, and her request for release to home confinement is **denied**.

Ms. Washington argues that she should be released from prison so that she may provide care for her mother who has stage four kidney failure and has recently required hospitalization. Dkt. 1305. She states that her sister is currently providing care, but more care is needed due to her sister's need to work. *Id.* The sentencing guidelines permit a court to find that extraordinary and compelling reasons for release exist due to "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Ms. Washington, however, has provided no evidence that her mother is incapacitated. She has not indicated the extent of the symptoms that her mother experiences due to her kidney disease and has not indicated the type of care that she would provide. She has also failed to explain whether her sister's care is insufficient given her work constraints or provide any reason why she cannot provide care going forward. Ms. Washington has provided no evidence that she would be the only family member available to provide care for her mother.

For these reasons, the Court finds that Ms. Washington has not met her burden to show that any need to be home to provide care for her mother is an extraordinary and compelling reason for release, whether considered alone or in combination with any other reason. Given this determination, the Court need not address whether she is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of her release.

### III.    Conclusion

For the reasons stated above, Ms. Washington's motion for compassionate release, dkt. [1305], is **denied**.

**IT IS SO ORDERED.**

Date: 9/3/2024

_____

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

4

Distribution:

All Electronically Registered Counsel

Tameka Washington
Register Number: 12252-510
FCI Aliceville
Federal Correctional Institution
P.O. Box 4000
Aliceville, AL 35442